RAFAEL DE J. CORDERO, MANAGER OF THE STATE INSURANCE FUND, Appellant, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; FÉLIX NARVÁEZ, Claimant. SAME *v.* SAME; HIGINIO LLITERAS, Claimant.

Nos. 231 and 233.   Argued November 24, 1941.—Decided January 23, 1942.

*George A. Malcolm, Attorney General, E. de Aldrey, Assistant Attorney General, Víctor J. Vidal González* and *G. Atiles Moréu, Legal Advisers of the State Insurance Fund,* for appellant.   *José Benet* and *Virgilio Brunet* for claimant in case No. 231; and *Virgilio Brunet* and *José L. Novas* for claimant in case No. 233.   *Pedro M. Porrata* as *amicus curiae.*

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In the first of the cases herein, Félix Narváez, a workman, on November 22, 1939, sustained severe burns while working

for his employer Chévere & Co., of San Juan, P. R., an insured employer.

On the 13th of the following February, the State Insurance Fund through its manager ruled that the injury was compensable and that the workman had suffered a permanent partial disability and was, therefore, entitled to receive an additional compensation of one-half of the wages he was earning, for a period of 306 weeks, amounting to $1,064.88, to be paid in instalments of $13.92 every four weeks.

The workman, who felt aggrieved by that ruling because according to him he had been totally disabled in both hands, neck, ears, face (sic), and arms, appealed to the Industrial Commission which, after the proper hearing, reversed the ruling of the manager on the ground that there was involved a case of total disability of the workman's physiological functions, and decided that the workman was entitled to receive from the Fund, as compensation, $13.92 every four weeks for 340 weeks, in addition to the weekly compensation paid to him while he was under medical treatment and unable to work.

The manager requested the commission to reconsider its decision and the commission refused to grant such request. He then instituted the present proceeding for review, the hearing of which was held on the 24th of last November with the apperance of the parties and of Attorney Pedro M. Porrata, as amicus curiae, who, moreover, filed a lengthy brief in support of the holding of the commission.

In the second of said cases the workman Higinio Lliteras, on November 24, 1939, while working for the P. R. Salt Works, Inc., an insured employer of Cabo Rojo, P. R., met with an accident which resulted in the lost of his left leg above the knee and so close to the hip that he was unable to use an artificial leg. His other leg had afterwards to be amputated.

On August 22, 1940, the State Insurance Fund, through its manager, decided that is was a case of permanent total disability, entitling the workman to an additional compensation

of fifty per cent of his wages for 250 weeks, payable in instalments every four weeks.

Feeling aggrieved by that decision, the workman, who claimed that the compensation to be paid had not been computed on the basis of the wages he was earning at the time of the accident, that such compensation was not proportionate to the resulting disability and, that he still needed medical treatment, took an appeal to the commission. While said appeal was still pending the other leg of the workman was amputated. The case was heard and, on October 21, 1941, the commission decided that the workman had become totally disabled for work because both his legs had to be amputated as the direct result of the accident; that he was earning $2.15 as his wages at the time of the accident; and that in accordance with its decisions in the cases I.C. 12139 Félix Narváez —No. 231—and I.C. 7774 Fermín Rivera—the Manager of the State Insurance Fund was not authorized to deduct from the amount of compensation to which the workman was entitled any sum on account of the weekly allowance paid to the workman while he was being treated.

The manager asked for a reconsideration which was denied. Thereupon he appealed to this court. On the 11th of December last the manager and the workman, through their respective counsel, stipulated to submit the proceeding for review on the briefs filed in case No. 231 (Félix Narváez), which stipulation was approved by this court on the 15th of December.

As the appellant in both cases has restricted the issue to a determination of the construction of subdivision 4 of Section 3 of the Workmen's Accident Compensation Act—No. 45 of 1935 (Session Laws, p. 262)—as amended by Act No. 74 of 1940 (Session Laws, p. 530), both cases can and will be considered in a single opinion herein.

Said subdivision in its pertinent part provides:

"4. If, as a result of the injury or disease, the case of the workman or employee is decided as a case of permanent total disability.

the workman or employee shall continue to receive a sum equal to one-half of the wages which he received or, but for such accident, would have received on the day of the accident, for such time as said total disability may last; but in no case shall there be paid more than ten (10) dollars or less than three (3) dollars a week; nor shall payments be made to any workman or employee for more than three hundred and forty (340) weeks, and the amount paid shall never exceed a total of three thousand (3,000) dollars; *Provided,* That when it is proven without any reasonable doubt that the disabled workman will invest up to one-half of his compensation in the acquisition of a home or a tract of land on which to settle, up to one-half of the compensation which may have been assigned to him, shall be immediately advanced to him, and the remainder shall be liquidated as provided by this Act.''

The whole matter hinges upon the meaning of the words ''shall continue to receive'' contained in the enactment. According to the manager, said words can only mean that the term fixed by the statute must be computed from the time the workman received compensation for the first time while under medical treatment, and according to the commission, such is not their meaning but that they refer to the compensation to be allowed to the workman after the case has been determined as one of permanent total disability.

Let us see what is provided by said section 3, taken as a whole.

It begins by declaring that every workman or employee who suffers an injury or from an occupational disease under the conditions specified in section 2 of the act, shall be entitled to—

1. Medical treatment and such medicines as may be prescribed;

2. If the disability is of a transitory nature, to a compensation equal to one-half of his wages during his disability, for a period not to exceed 104 weeks.

3. If it is a case of permanent partial disability, to an additional compensation of fifty per cent of the wages, for the number of weeks specified in a lengthy table made a part

of the statute, which period varies from 5 to 300 weeks, provided that in no case the sum so paid shall exceed two thousand dollars.

4. In the case of a permanent total disability, as has already been stated, to a weekly compensation of one-half the wages earned at the time of the accident, the number of weeks not to exceed 340 and the whole sum to be disbursed not to exceed three thousand dollars.

For a better understanding of the position taken by the appellant, we will transcribe the argument he adduced after pointing out the various provisions of section 3 of the act to which we have just referred. It is as follows:

"It will, therefore, be seen that immediately after a workman sustains a compensable injury under our statute, he is furnished proper medical treatment and payment is made to him regularly of one-half of the weekly wages which he earned at the time of the accident, for so long as he is disabled for work. Upon the workman being discharged from the hospital, only one of three things may occur: either he is able to work again just as he was doing at the time of the accident; or he becomes permanently partially disabled, notwithstanding which he can resume his work; or, lastly, he becomes totally disabled to perform any remunerative labor.

"From an examination we have made of the rights conferred on every workman by this act, we find that the statute clearly determines: that in the case of permanent partial disability, that is, where the workman, upon being discharged after receiving medical treatment, can resume his work, the compensation to be fixed is in *addition* to the other compensation which, under subdivision 2 of section 3, he is entitled to receive during the time of his disability.

"Such is not the case where a permanent total disability is involved. In this latter case the statute specifically and clearly provides that the injured workman or employee '*shall continue to receive*' a sum equal to one-half of the wages which he earned or, but for such accident, would have earned on the 'day of the accident, for such time as said total disability may last, but in no case such payments shall be made for more than 340 weeks.

"If it had been the intention of the lawmaker to grant an allowance to the workman while under medical treatment and a distinct

and additional compensation for his permanent total disability, he would have so stated with the same clearness that he did when referring to the compensation in a case of permanent partial disability.''

This means that the appellant, Manager of the State Insurance Fund, has been construing and enforcing the act in the sense that subdivision 2 of section 3 thereof applies to the case of temporary disability expressly referred to therein and to that of permanent partial disability, subdivision 3, but not to that of permanent total disability, subdivision 4, merely because the lawmaker used the words ''shall receive additional compensation'' in subdivision 3 and ''shall continue to receive'' in subdivision 4.

We think that he is wrong. Although the matter might be clearer if the lawmaker had used identical words in subdivisions 3 and 4 and had been more explicit in subdivision 2, we are of opinion that if there has been recognized the existence of a transitional period during which an injured workman receives medical treatment and a weekly compensation, such provision must be considered as applicable in a case of permanent partial disability.

The words ''additional compensation'' and ''shall continue to receive'' carry with them the same meaning. *In addition* to what has already been received in the former case—permanent partial disability—the workman *shall receive* compensation during the weeks specified in the table according to the character of the injury; and in the latter case—permanent total disability—the workman *shall continue to receive compensation during the weeks specified therein,* and this indeed carries with it the idea of continuation, although not the continuation of the compensation provided for by the subdivision, but of the aid which the State Fund must furnish to the injured workman in every case immediately after the injury.

Such transitional period of aid is actually imposed by the circumstances, because it is not always possible to determine at once the seriousness of the injury. Case No. 233 furnishes

·a clear example of it. There the workman lost first one of his legs and the injury was classified properly as one of permanent partial disability. Subsequently, while his appeal was pending before the commission, his other leg was amputated as a result of the same accident, which had then to be classified as one of permanent total disability, in compliance with the provisions of the second paragraph of subdivision 4, section 3 of the act.

For the reasons stated the decisions sought to be reviewed in both cases, Nos. 231 and 233, will not be set aside.

Mr. Justice Snyder took no part in the decision of these cases.